UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br>Defendant. | No. 2:26-cv-02804 SCR P<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This proceeding was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**IN FORMA PAUPERIS**

Plaintiff initiated the action by filing a complaint on August 17, 2026, and filed a first amended complaint ("FAC") on September 16, 2026, and a second amended complaint on October 8, 2026. ECF Nos. 1, 4, 7. He also sought leave to proceed in forma pauperis. ECF No. 2. The in forma pauperis statute provides that:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has already been determined a "three-strikes litigant" pursuant to

this provision. Iseli v. California Dep't of Corr. & Rehab., No. 2:25-CV-3441 SCR P, 2026 WL 1735101 (E.D. Cal. June 16, 2026), report and recommendation adopted, No. 2:25-CV-3441-TLN-SCR, 2026 WL 2112024 (E.D. Cal. July 22, 2026). Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The "imminent danger" exception applies at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)"). A prisoner's complaint can demonstrate "imminent danger" by alleging "an ongoing danger." Id. at 1056–57 (holding that "a prisoner who alleges that prison officials continue[d] with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard"); see also Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015) ("[A] prisoner subject to the three-strikes provision may meet the imminent danger exception and proceed in forma pauperis on appeal if he alleges an ongoing danger at the time the notice of appeal is filed.").

Plaintiff's 38-page SAC, like his first two complaints, concerns an alleged data breach that Defendant California Department of Corrections and Rehabilitation ("CDCR") discovered in January 2022. ECF No. 7 at 33. Plaintiff learned of the incident in August 2022 through a notice notifying him that his personally identifiable information may have been accessed by a third party. Id. Although the alleged breach of an individual's protected health information is a serious matter, it does not constitute a danger of serious *physical* injury. Nor is the alleged breach an "imminent" danger, as it occurred nearly five years before Plaintiff filed the complaint. Plaintiff seeks a cash payment of hundreds of millions of dollars, id. at 36, but does not allege an ongoing danger.

Accordingly, in light of Plaintiff's status as a three-strikes litigant and the lack of alleged imminent danger at the time this complaint was filed, the undersigned recommends that Plaintiff be required to pay the entire filing fee within 30 days or face dismissal of the present action.

////

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this matter.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the entire $405.00 in filing fees within thirty days of any order adopting these findings and recommendations or face dismissal of the case.

3. Plaintiff be advised that his failure to comply will result in an order dismissing the action for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE